UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D N Y

★ APR 27 2011 ★

LONG ISLAND OFFICE

------------------------------------------------------------X

MELISSA LOZADA,

                Plaintiff,

JURY DEMAND (S)

-against-

**DOCKET NO.:**

CV 11 2049
EXLER
WALL, M

CHARLES WEILMINSTER-TROOPER 1287,
CHRISTOPHER NOLAN-TROOPER 5219,
WANTAGH FIRE DISTRICT, COURTNEY WHITEFIELD,
ROBERT DESANTO, JASON JACKOWITZ, JEFF LINDGREN
WILLIAM ALLEN, DONALD SYNDER, MARY JAMBOR,
WILLIAM GILMORE, KENNETH KELLY, JOHN GILLEN,
CHRISTOPHER DAGUANNO, JAMES COOKE,
ERIC BARTOLOTTA, WILLIAM VERONESE,
TRAVIS TERGESEN, BARRY DASKAL, GREGG SABLIC,
DOROTHY BORTELL, VICTOR SPAGNOLO,
AMANDA HUTCHINSON, NICHOLAS VASIKAUKAS,
KEITH WILLIAMS, SCOTT MICHELS, MARY HARMS,
STEVEN BERNSTEIN, RICHARD MONGIELLO, CRAIG CRAFT,
ALEXANDER SEDA, JR., ANTHONY DALY, JOHN ROMANELLI,
PETER TUNG, JASON MILK, JOSEPH BORST, DAVID GOETZ,
EDWARD CORDOVA, JOHN SEIER, STEVEN DUNN,
DENNIS O'BRIEN, JOSEPH SICLARI, FRANK SALAMONE and
KEVIN CRONIN,

                Defendants.

------------------------------------------------------------X

## COMPLAINT

COMES NOW the Plaintiff, MELISSA LOZADA, by and through her attorney, DIANA LOZADA RUIZ, ESQ., and for her causes of action states, upon information and belief, the following:

### INTRODUCTION

1.      Plaintiff brings this action against Defendants pursuant to 42 U.S.C. §1983 and pursuant to the First, Fourth, Fifth and Fourteenth

Amendments to the United States Constitution, seeking damages for the deprivation of her federal rights, and for the Defendants' failure to exercise reasonable care under the circumstances and for negligent training and/or supervision.

2. Plaintiff claims that on April 28, 2009, Defendants, acting in concert, violated her First Amendment right to free speech when they demanded that she comply with signing a release form, which she refused to do, and then either orchestrated, participated in, or caused the physical assault and battery of the Plaintiff, the Plaintiff's arrest and the filing of false charges under the Penal Law of New York State.

3. Plaintiff claims that on April 28, 2009, Defendants, acting in concert, violated her Fourth Amendment rights to be free from unreasonable searches and seizures when the Defendants, acting in concert, caused the Plaintiff to be attacked by police officers, arrested and searched without probable cause.

4. Plaintiff claims that on April 28, 2009, Defendants, acting in concert, violated her Fifth and Fourteenth Amendment rights by depriving her of her liberty and her property without due process of law;

5. Plaintiff claims that on April 28, 2009, Defendants, acting in concert, violated her civil rights by filing or allowing to be filed charges pursuant to New York State Penal Law against the Plaintiff based upon false allegations.

6. The Defendants conspired together to deprive the Plaintiff of the civil rights granted to her by the Constitution of the United States and the State of New York.

7. Plaintiff further alleges that the Defendants have engaged and enacted certain policies and/or customs and followed these certain policies and/or customs when they attempted to effectuate the signature of the Plaintiff on a release form by force and, when the Plaintiff refused to sign, they threatened the Plaintiff and then carried through on their threats, causing physical injury to the Plaintiff and authorizing the arrest of the Plaintiff and the charges to be filed against her, without probable cause, in an effort to shield themselves from civil liability.

8. Plaintiff further alleges that on April 28, 2009, the Defendants were negligent in the performance of their duties, which led to the Plaintiff's injuries and the deprivation of the Plaintiff's constitutional rights.

9. Plaintiff further alleges that the Defendants were negligent and/or reckless in the training and/or supervision of their employees, servants, members and/or agents, which caused the Plaintiff to be injured and falsely arrested.

**JURISDICTION AND PARTIES**

10. Jurisdiction is proper pursuant to 42 § 1983 and the United States Constitution. Supplemental jurisdiction is present over any state law claims pursuant to 28 U.S.C. §1367 as these claims arise out of the same common nucleus of operative facts.

11. Plaintiff is and was, at all times material hereto, a resident of the County of Nassau State of New York.

12. The Defendants CHARLES WEILMINSTER-TROOPER 1287, and CHRISTOPHER NOLAN-TROOPER 5219, were both officers of the State of New York assigned to the Troop L located at 7140 Republic Airport, East Farmingdale, New York 11735. Each of these Defendants is sued in his individual capacity.

13. The Defendant WANTAGH FIRE DISTRICT is a fire district in Nassau County, covering all of Wantagh, and parts of Levittown, Seaford, East Meadow and Bellmore, as well as Jones Beach State Park and Tobay Beach, that responded to the emergency call on April 28, 2009 involving the Plaintiff. This Defendant was also the employer and/or trainer and/or supervisor of the fire department and emergency medical personnel involved in this action.

14. The Defendants COURTNEY WHITEFIELD, ROBERT DESANTO, JASON JACKOWITZ, JEFF LINDGREN, WILLIAM ALLEN, DONALD SYNDER, MARY JAMBOR, WILLIAM GILMORE, KENNETH KELLY, JOHN GILLEN, CHRISTOPHER DAGUANNO, JAMES COOKE, ERIC BARTOLOTTA, WILLIAM VERONESE, TRAVIS TERGESEN, BARRY DASKAL, GREGG SABLIC, DOROTHY BORTELL, VICTOR SPAGNOLO, AMANDA HUTCHINSON, NICHOLAS VASIKAUKAS, KEITH WILLIAMS, SCOTT MICHELS, MARY HARMS, STEVEN BERNSTEIN,

|     | |
|---|---|
|     | RICHARD MONGIELLO, CRAIG CRAFT, ALEXANDER SEDA, JR., ANTHONY DALY, JOHN ROMANELLI, PETER TUNG, JASON MILK, JOSEPH BORST, DAVID GOETZ, EDWARD CORDOVA, JOHN SEIER, STEVEN DUNN, DENNIS O'BRIEN, JOSEPH SICLARI, FRANK SALAMONE and KEVIN CRONIN, were all members of the Wantagh Fire District that appeared and/or participated in the incident on April 28, 2009 wherein the Plaintiff was deprived of her constitutional rights and injured. |
| 15. | Upon information and belief, none of the Defendants is a Tribal member or Native American. |
| 16. | At all times material hereto, the Defendants acted in concert, conspired together and acted under color of state law and/or federal law to deprive the Plaintiff of her civil rights. |

**Factual Allegations**

| | |
|---|---|
| 17. | On or about April 28, 2009, Plaintiff was involved in a motor vehicle accident wherein she summoned for assistance by calling 911. |
| 18. | Every one of the Defendants appeared at the scene of the accident in response to the Plaintiff's call for help. |
| 19. | Upon arriving at the scene and witnessing that the Plaintiff was not injured, members of the Wantagh Fire District demanded that the Plaintiff sign a release form. |
| 20. | Plaintiff, uncertain of why she needed to sign a release form and exercising her First Amendment rights, refused to sign. |

21. Plaintiff was then threatened by the members of the Wantagh Fire District and the State Troopers that if she refused to sign the form she would be arrested.

22. Upon Plaintiff's continued refusal to sign, the Defendants either orchestrated and/or participated in the attack of the Plaintiff wherein the Plaintiff was forcefully removed from her vehicle, brutally thrown onto the pavement and placed under arrest without probable cause.

23. Plaintiff had not committed any crimes warranting this arrest.

24. The Defendants had been trained to threaten civilians who refused to sign release forms at accident scenes, and follow through on the threats.

25. As a result of the Defendants' actions, the Plaintiff was required to appear in criminal court, lost time from work and had to retain the services of an attorney to represent her in court.

26. All of the charges brought against the Plaintiff were ultimately dismissed.

27. The Defendants have all established unwritten policies and protocols sought to protect themselves and/or their employees from civil liability form potential claims, by arranging for the potential claimant to be arrested without probable cause and based upon false allegations, resulting in a clear violation of the Plaintiff's civil rights.

## Causes of action and claims for Damages

## Violation of Constitutional Rights

28. The Plaintiff hereby repeats and reiterates each of the foregoing paragraphs as if more fully set forth herein.

29. Defendants acted in concert and conspired to seize Plaintiff without a warrant or other lawful basis.

30. The Defendants' actions in conspiring against the Plaintiff, brutally attacking the Plaintiff, placing the Plaintiff under arrest, filing and or authorizing or ratifying the filing of false sworn statements against the Plaintiff and proceeding and continuing with the false charges against the Plaintiff were malicious actions taken by the Defendants and were clear violations of the Plaintiff's rights pursuant to 42 U.S.C. §1983 and pursuant to the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of New York.

31. The Defendants had no probable cause to believe that the Plaintiff had committed or was about to commit a crime and, therefore, did not have any legal authority to cause the arrest of the Plaintiff.

32. These Defendants, intentionally and/or with deliberate indifference for the constitutional rights of Plaintiff, caused the Plaintiff to be forcefully removed from her vehicle, brutally thrown onto the pavement and placed under arrest without probable cause.

33. These Defendants' conduct was objectively unreasonable and violated Plaintiff's clearly established constitutional rights.

34. The Defendants ratified such unlawful conduct and the unlawful seizure of the Plaintiff by their failure to adequately train and/or supervise their employees, members and/or agents.

35. Defendants acted intentionally and/or with deliberate indifference under color of law and their acts and/or omissions were a direct cause of the injuries and damages suffered by the Plaintiff.

36. As a result of the Defendants' wrongful actions, the Plaintiff suffered a violation of her civil rights, as well as personal injuries to her body, injury to her reputation, economic losses, pain, humiliation, anxiety, stress and a deprivation of her liberty.

37. Because the Defendants acted willfully, maliciously and/or with reckless indifference for his federal rights, Plaintiff seeks an award of punitive damages against them.

## Negligence

38. The Plaintiff hereby repeats and reiterates each of the foregoing paragraphs as if more fully set forth herein.

39. Each of the Defendants had a duty to take reasonable care against violating the Plaintiff's constitutional rights and causing injury to the Plaintiff.

40. Each of the Defendants failed to exercise reasonable care under the circumstances and as a result, the Plaintiff sustained damages in the form of personal injury and deprivation of constitutional rights.

41. Each of the Defendants was further negligent in establishing, exercising, executing and/or following certain policies and protocols that were designed to protect themselves and/or their employees from civil liability form potential claims, by arranging for the potential claimant to be arrested without probable cause and based upon false allegations, resulting in a clear violation of the Plaintiff's civil rights.

42. The Defendants were further negligent in failing to exercise reasonable care in the training and supervision of their employees, servants, members and/or agents.

43. As a result of the Defendants' wrongful actions, the Plaintiff suffered a violation of her civil rights, as well as personal injuries to her body, injury to her reputation, economic losses, pain, humiliation, anxiety, stress and a deprivation of her liberty.

WHEREFORE, Plaintiff prays for the following relief:

1. For compensatory damages, jointly and severally, against all Defendants in an amount to be determined by the trier of fact.

2. For punitive damages against all Defendants in an amount to be determined by the trier of fact.

3. For pre-judgment and post-judgment interest.

4. For reasonable attorney fees and costs pursuant to 42 U.S.C. §1988.

5. For such other and further relief as the Court deems just and proper.

Respectfully submitted:

DIANA LOZADA RUIZ, ESQ.
*Attorney for Plaintiff*
132 Jericho Turnpike
P.O. Box 604
Mineola, NY 11501
(516) 499-3229

# VERIFICATION

STATE OF NEW YORK           )
                            ) ss.:
COUNTY OF NASSAU            )

MELISSA LOZADA, being duly sworn, deposes and says:

I am the Plaintiff in the above action, and as such, I am fully familiar with all of the facts and circumstances herein.

I have read to me the foregoing COMPLAINT and know the contents thereof; the same are true to my own knowledge, except as to those matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

_____
MELISSA LOZADA

Sworn to before me this
26th day of April, 2011

_____
NOTARY PUBLIC

DIANA RUIZ
Notary Public, State of New York
No: 02RU6154914
Qualified in Nassau County
Commission Expires: 10/23/20__

Docket Number:					Year: 2011

---

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

MELISSA LOZADA,

          Plaintiff,

 -against-

CHARLES WEILMINSTER-TROOPER 1287, CHRISTOPHER NOLAN-TROOPER 5219, WANTAGH FIRE DISTRICT, COURTNEY WHITEFIELD, ROBERT DESANTO, JASON JACKOWITZ, JEFF LINDGREN, WILLIAM ALLEN, DONALD SYNDER, MARY JAMBOR, WILLIAM GILMORE, KENNETH KELLY, JOHN GILLEN, CHRISTOPHER DAGUANNO, JAMES COOKE, ERIC BARTOLOTTA, WILLIAM VERONESE, TRAVIS TERGESEN, BARRY DASKAL, GREGG SABLIC, DOROTHY BORTELL, VICTOR SPAGNOLO, AMANDA HUTCHINSON, NICHOLAS VASIKAUKAS, KEITH WILLIAMS, SCOTT MICHELS, MARY HARMS, STEVEN BERNSTEIN, RICHARD MONGIELLO, CRAIG CRAFT, ALEXANDER SEDA, JR., ANTHONY DALY, JOHN ROMANELLI,
PETER TUNG, JASON MILK, JOSEPH BORST, DAVID GOETZ, EDWARD CORDOVA, JOHN SEIER, STEVEN DUNN, DENNIS O'BRIEN, JOSEPH SICLARI, FRANK SALAMONE and KEVIN CRONIN,

                Defendants.

---

SUMMONS IN A CIVIL ACTION AND
VERIFIED COMPLAINT

---

DIANA LOZADA RUIZ, ESQ.
Attorney at Law
*Attorneys for the Plaintiff*
132 Jericho Turnpike
P.O. Box 604
Mineola, NY 11501
(516) 499-3229

---

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

Dated: 4/26/11

                   *Diana Lozada Ruiz, Esq.*

---

Service of a copy of the within              is hereby admitted.

Dated:

                 *Attorney(s) for*